United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-41146
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL PALACIOS-FRAUSTO,

Defendant-Appellant.

———————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-974-ALL

———————————————————————————————

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gabriel Palacios-Frausto ("Palacios") appeals the forty-six-month sentence imposed following his conviction for illegal reentry into the United States after deportation. He argues that the enhancement provisions under 8 U.S.C. § 1326(b) are unconstitutional. He further argues that the "timing" of his prior felony conviction, which was used to enhance his sentence, is a separate fact that must be alleged in the indictment and proven to a jury beyond a reasonable doubt.

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Palacios acknowledges that his first argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). The Supreme Court's recent decisions in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) did not overrule <u>Almendarez-Torres</u>. See <u>Booker</u>, 125 S. Ct. at 756; <u>Blakely</u>, 124 S. Ct. at 2536-43. This court does not have the authority to overrule <u>Almendarez-Torres</u>. See <u>Dabeit</u>, 231 F.3d at 984. Thus, Palacios's argument is foreclosed.

Palacios's argument that the indictment must allege the "timing" of the prior felony conviction, which was used to enhance his sentence under 8 U.S.C. § 1326(b), has no merit. Palacios has not explained why an indictment that need not allege the defendant's prior conviction at all under <u>Almendarez-Torres</u> is deficient for omitting the details of that prior conviction.

Accordingly, Palacios's conviction and sentence are **AFFIRMED**.